# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00277-CR

**John Wesley Herbold, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2011-277, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967). Appellant John Wesley Herbold pleaded guilty to the offense of aggravated assault with a deadly weapon, specifically, a motor vehicle. *See* Tex. Penal Code Ann. § 22.02(a)(2) (West 2011). Punishment, enhanced by two prior convictions for the offense of burglary of a habitation, was assessed at 25 years' imprisonment.

In a two-count indictment, Herbold was charged with the offenses of intoxication assault and aggravated assault. As part of a plea agreement with the State, the intoxication-assault charge was dismissed. Herbold pleaded guilty to the remaining charge and pleaded true to the State's enhancement allegations.

At the punishment hearing, the district court heard evidence tending to show that on September 13, 2009, Herbold was driving erratically on I-35 when his vehicle collided with another

vehicle. One of the eyewitnesses to the collision, Gustacio Guerro, testified that he had been driving on I-35 when he observed Herbold's vehicle nearly collide with his vehicle, "almost hit a guardrail," drive "across one or two lanes" of traffic before "weaving" back into Guerro's lane, and finally drive on the right shoulder of the road in an attempt to pass an 18-wheeler. Before Herbold's vehicle was able to pass the truck, Guerro recalled, the vehicle collided with an SUV that had been parked on the side of the road.

According to the evidence presented, the collision seriously injured one of the passengers in the vehicle that was parked on the side of the road. The victim, a 14-year-old girl, and the victim's mother, who had been driving the vehicle shortly before the collision, both provided testimony describing the circumstances of the collision and the severity of the victim's injuries resulting from the collision. Photographs of the victim and her injuries were admitted into evidence.

Four witnesses testified for the defense: Herbold's mother, his former criminal-defense attorney, and two of his doctors. Their testimony tended to show that Herbold had an extensive criminal history, including both misdemeanors and felonies, that his criminal behavior had become worse after his son had passed away, and that he had several medical issues, including an endocrine disorder that, according to the testimony of one of his doctors, "produces a lot of excess adrenalin" and makes a person "very nervous, sometimes easily agitated, jittery," and "possibly" aggressive.

Herbold's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why

2

there are no arguable grounds to be advanced. *See* 386 U.S. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Herbold was mailed a copy of counsel's brief and advised of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Field

Affirmed

Filed:   March 22, 2013

Do Not Publish

3